

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP 20 2005
J. T. NOBLIN, CLERK
BY_____DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| JOSEPH B. COX, NED COMBER AND BRENDA COMBER | ) | Case No.: 1:05CV436 LG-RHW |
| | ) | |
| Plaintiffs, | ) | CLASS ACTION COMPLAINT FOR DAMAGES AND |
| vs. | ) | |
| | ) | DECLARATORY RELIEF |
| NATIONWIDE MUTUAL INSURANCE COMPANY, et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

**NOW INTO COURT**, through undersigned counsel, come JOSEPH B. COX, an individual and resident of the State of North Carolina, and NED COMBER husband of/and BRENDA COMBER, individuals and residents of the State of Mississippi, appearing herein individually and on behalf of all persons similarly situated, all of whom own property in the State of Mississippi, who respectfully represent as follows:

1.

Made defendants herein are:

a. **Nationwide Mutual Insurance Company**, a foreign insurance company authorized to do and doing business in the State of Mississippi which may be served with process through its agent CT Corporation System of Mississippi, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi, 39232 that, at all times pertinent hereto, wrote, issued, and maintained homeowners insurance policies in the State of Mississippi;

b. **Allstate Property and Casualty Insurance Company**, a foreign insurance company authorized to do and doing business in the State of Mississippi which may be served with process through its agent CT Corporation System of Mississippi, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi, 39232 that, at all times pertinent hereto, wrote, issued, and maintained homeowners insurance policies in the State of Mississippi;

c. **Mississippi Farm Bureau Insurance**, a corporation organized and existing under the laws of the State of Mississippi with its principal office and place of business at 6310 I-55 North, Jackson, Mississippi 39211 which may be served with process through its agent Jim H. Jenkins, 6310 I-55 North, Jackson, Mississippi that, at all times pertinent hereto, wrote, issued, and maintained homeowners insurance policies in the State of Mississippi;

d.  **State Farm Fire and Casualty Company**, a foreign insurance company authorized to do and doing business in the State of Mississippi which may be served with process through its agent Mr. William E. Penna, 1080 River Oaks Drive, Suite B-100, Flowood, Mississippi, 39232 that, at all times pertinent hereto, wrote, issued, and maintained homeowners insurance policies in the State of Mississippi;

e.  **The Travelers Insurance**, a foreign insurance company authorized to do and doing business in the State of Mississippi that, at all times pertinent hereto, wrote, issued, and maintained homeowners insurance policies in the State of Mississippi;

f.  **United Services Automobile Association** ("USAA"), a foreign insurance company authorized to do and doing business in the State of Mississippi which may be served with process through its agent Robert S. Addison, 4400 Old Canton Road, Suite 400, Jackson, Mississippi, 39211 that, at all times pertinent hereto, wrote, issued, and maintained homeowners insurance policies in the State of Mississippi;

g.  **Zurich Insurance**, a foreign insurance company authorized to do and doing business in the State of Mississippi that, at all times pertinent hereto, wrote, issued, and maintained homeowners insurance policies in the State of Mississippi; and

h.  **Insurance Entities 1-100**, foreign or domestic insurance companies whose names are not currently known but were authorized to do and doing business in the State of Mississippi that, at all times pertinent hereto, wrote, issued, and maintained homeowners insurance policies in the State of Mississippi.

The aforesaid defendants, sued individually and on behalf of a class of insurance companies similarly situated (sometimes referred to herein as the "Insurance Defendant Class"), are liable unto plaintiffs and the class of plaintiffs described herein (sometimes referred to herein as the "Plaintiff Class") for the following reasons, to-wit:

2.

On or about August 29, 2005 Hurricane Katrina struck the Mississippi Gulf Coast causing extensive and catastrophic damages by force of wind and related storm action all of which caused loss of life and property as more fully described hereinbelow.

3.

After striking the Mississippi Gulf Coast, Hurricane Katrina drove inland spurring tornadoes and causing additional damage to homes and property across the State of Mississippi.

4.

Plaintiff **JOSEPH B. COX** owned property located in Mississippi in the path of Hurricane Katrina which property was damaged and/or destroyed specifically by wind damage directly related to Hurricane Katrina and associated storm action.

5.

Plaintiffs **NED COMBER** husband of/and **BRENDA COMBER** owned property located in Mississippi in the path of Hurricane Katrina which property was damaged and/or destroyed specifically by wind damage directly related to Hurricane Katrina and associated storm action.

6.

Prior to the losses caused by Hurricane Katrina, the named plaintiffs and members of the Plaintiff Class had contracted with defendants **Nationwide Mutual Insurance Company, Allstate Property and Casualty Insurance Company, Mississippi Farm Bureau Insurance, State Farm Fire and Casualty Company, The Travelers Insurance, USAA, Zurich Insurance,** and/or other members of the Insurance Defendant Class to maintain a policy or policies of homeowners or other property casualty loss insurance insuring plaintiffs' property against the losses described herein. The primary purpose of securing this insurance was to insure against any damage that might possibly result from hurricanes originating in the Gulf of Mexico and striking or otherwise impacting their insured property.

7.

The named plaintiffs and members of the Plaintiff Class paid all premiums due under their respective policies, provided notice of their losses, and otherwise complied with all of their obligations under the policies with the reasonable expectation that the policies would afford coverage for any and all hurricane damage such as that sustained as a result of Hurricane Katrina.

8.

The named plaintiffs are similarly situated to individuals who reside in and/or own property in the State of Mississippi and who contracted with one or more of the members of the Insurance Defendant Class to obtain insurance coverage against property loss and damage from wind storms or hurricanes.  The named plaintiffs can adequately represent the interests of the Plaintiff Class, and a class action is the best means of addressing the legal and factual issues presented in this matter as all damage was occasioned by the same event (Hurricane Katrina) and all the policies at issue contain the same or substantially similar language as set forth hereinbelow.

9.

Defendant Nationwide Mutual Insurance Company and the other members of the Insurance Defendant Class collected millions of dollars of insurance premiums paid by the Plaintiff Class and issued policies of insurance purporting to insure against losses such as those sustained by the Plaintiff Class herein.  However, the policies issued by the Insurance Defendant Class contained substantially similar language attempting to exclude losses caused, directly or indirectly, by water, whether or not driven by wind.

10.

Despite the obvious nature of the losses sustained by members of the Plaintiff Class, defendant Nationwide Mutual Insurance Company and the other members of the Insurance Defendant Class have failed to adequately and properly adjust Plaintiffs' claims and/or have denied the claims outright alleging that the damages sustained by the Plaintiff Class were caused by flooding exclusively and therefore is excluded under the coverage afforded by the insurance policies at issue.

11.

Despite the assertions of members of the Insurance Defendant Class, it is clear that the losses sustained by the Plaintiff Class were caused by storm related activity

other than flooding. For example, the roofs of some homes were blown off by storm winds, trees were blown down onto homes, debris was blown on or into plaintiffs' homes, and homes were contaminated with backed-up raw sewerage and other contaminants.

12.

In an effort to save money and pass on the costs of the loss to the federal flood insurance program, adjusters working on behalf of the Insurance Defendant Class have denied claims under the insurance policies at issue. On information and belief, the same adjusters have worked on behalf of multiple members of the Insurance Defendant Class with the same result of denying claims relying on the same or substantially similar language in the various policies. Said action has been made in bad faith and without regard to the Insurance Defendant Class' obligations of good faith and fair dealing with the Plaintiff Class.

13.

The Insurance Defendant Class issued property casualty insurance policies to the Plaintiff Class insuring against loss and damages from hurricane winds; however these policies attempt to exclude from such coverage any property loss resulting directly or indirectly from damage caused by water, whether or not driven by wind. These provisions attempt to exclude coverage even if other perils, such as hurricane winds, contributed to cause such loss.

14.

Such exclusion provisions are void and unenforceable as violations of the public policy of the State of Mississippi in that such exclusion provisions attempt to alter, abrogate, or invalidate longstanding Mississippi law and judicial precedents governing the issue of proximate causation and attempts to immunize the Insurance Defendant Class from contractual liability on insured perils which may be a proximate or contributing cause of the Plaintiff Class' losses all of which is in contravention of Mississippi law.

15.

Moreover, these attempted exclusions are void as against public policy because they violate and/or expressly contradict Mississippi common law which mandates that full coverage be provided if the proximate and efficient cause of the damage is covered under the subject policies even if other "non" covered causes also contributed to the loss.

16.

Contracts, including insurance contracts, which are in contravention of Mississippi law are void and unenforceable. The exclusion provisions which are the subject of this litigation contravene the public policy of the State of Mississippi and are not entitled to be enforced. Accordingly, the Insurance Defendant Class should be enjoined from relying on such exclusions to deny property loss coverage to the Plaintiff Class, insured victims who have suffered property casualty loss as a result of Hurricane Katrina.

17.

The policies of property casualty insurance issued by the Insurance Defendant Class are adhesion contracts, unduly and unreasonably complex in their provisions and language and difficult to understand by the average consumer and policyholder, which resulted in a lack of knowledge in the provisions of the policies and a lack of understanding on the part of the policyholders in the Plaintiff Class herein. The policies of the Insurance Defendant Class which are the subject of this action were all in preprinted form, nonnegotiable, and contained substantially identical exclusion provisions. These policies thereby deprived the policyholders in the Plaintiff Class of meaningful choice of coverage.

18.

The exclusion provisions contained in the policies issued by the Insurance Defendant Class are unreasonably favorable to the Insurance Defendant Class and

oppressive to the policyholders in the Plaintiff Class and bear no reasonable relationship to the risks and needs of the business of the Insurance Defendant Class, thereby rendering such exclusion provisions substantially and procedurally unconscionable and void.

19.

These exclusion provisions expressly contradict other policy provisions in these policies which provide full coverage for all damage proximately caused by Hurricane Katrina.

20.

These exclusions are ambiguous on their face and when read in logical conjunction with other provisions of the subject policies. Under Mississippi law any ambiguity in an insurance contract is construed in favor of the insured and against the Insurance Defendant Class. Exclusionary clauses in insurance contracts are to be strictly construed in favor of affording coverage and are to be strictly and strongly construed against the drafter.

21.

The Mississippi Consumer Protection Act prohibits unfair methods of competition affecting commerce and unfair deceptive trade practices in or affecting commerce. The actions of the Insurance Defendant Class in selling insurance policies that attempt to exclude coverage for storm surge damage proximately caused by hurricane winds constitute unfair or deceptive trade practices that violate § 75-24-5(1) of the Mississippi Consumer Protection Act. In addition, said practices violate (2) in the following particulars:

    (e) Representing that . . . services have . . .characteristics, . . . uses, benefits. . . that they do not have;

    . . .

(f) Representing that . . . services are of a particular standard . . . if they are of another;

. . .

(i) Advertising . . . services with the intent not to sell them as advertised;

All of these prohibited acts are accomplished by the Insurance Defendant Class when they sell these policies that specifically contemplate full and comprehensive hurricane coverage, but seek to exclude coverage.

22.

On information and belief, adjusters acting on behalf of and at the behest of the Insurance Defendant Class have been using coercive techniques and making false representations regarding coverage afforded under the policies at issue in order to secure releases from any further claims for water or flood damage. Such actions are in violation of the duties of good faith and fair dealing due by the Insurance Defendant Class to their policyholders, the Plaintiff Class.

23.

As a result of the actions of the defendants, plaintiffs have sustained or will sustain the following non-exclusive damages:

a) unpaid or underpaid claims for less than the full extent of their losses;

b) financial hardship or ruin as a result of not being adequately compensated for their insured losses;

c) mental anguish and emotional distress;

d) loss of the benefit of their insurance contracts upon which they relied; and

e) such other elements of damage as will be shown at the trial of the merits herein.

24.

In addition to all other relief sought from the Insurance Defendant Class herein, the Plaintiff Class seeks and is entitled to receive punitive damages for the egregious conduct of the Insurance Defendant Class.

25.

The Plaintiff Class further seeks, in addition to all other relief sought herein, a declaratory judgment declaring the exclusion provisions of the policies at issue to be void and unenforceable as against public policy, to be vague and ambiguous so as to be strictly construed against the Insurance Defendant Class so that coverage cannot be denied under those provisions, and declaring those exclusion provisions to be null, void and of no effect.

26.

The Plaintiff Class further seeks to have this matter certified and maintained as a class action both as to a class of plaintiffs who are residents of and/or property owners in the State of Mississippi who purchased insurance coverage seeking to insure against any and all damages caused by hurricanes such as Hurricane Katrina and as to a class of defendants who issued insurance policies insuring property in the State of Mississippi against losses caused by hurricanes such as Hurricane Katrina which policies contained exclusion provisions attempting to exclude coverage for damages caused by water.

27.

Also made defendants herein are:

   a) **Murphy Oil, U.S.A.**, a foreign corporation authorized to do and doing business in the State of Mississippi that, at all times pertinent hereto, engaged in the exploration, development, production and refining of oil;

   b) **Universal Oil Products (UOP)**, a foreign corporation authorized to do and doing business in the State of Mississippi that, at all

     times pertinent hereto, supported and provided equipment for the exploration, development, production and refining of oil;

c)  **Shell Oil Corporation**, a foreign corporation authorized to do and doing business in the State of Mississippi that, at all times pertinent hereto, engaged in the exploration, development, production and refining of oil;

d)  **Chevron/Texaco Corporation**, a foreign corporation authorized to do and doing business in the State of Mississippi that, at all times pertinent hereto, engaged in the exploration, development, production and refining of oil;

e)  **ExxonMobil Corporation**, a foreign corporation authorized to do and doing business in the State of Mississippi that, at all times pertinent hereto, engaged in the exploration, development, production and refining of oil; and

f)  **Oil and Refining Entities 1-100**, foreign or domestic companies whose names are not currently known but were authorized to do and doing business in the State of Mississippi that, at all times pertinent hereto, engaged in the exploration, development, production and refining of oil.

The aforesaid defendants, sued individually and on behalf of a class of Oil and Refining companies similarly situated (sometimes referred to herein as the "Oil Company Defendant Class"), are liable unto plaintiffs and the class of plaintiffs described herein (sometimes referred to herein as the "Plaintiff Class") for the following reasons, to-wit:

28.

Hurricane Katrina evolved into a storm of unprecedented strength and destruction, fed and developed by the warm waters and warm environmental conditions present in the Gulf of Mexico.

29.

The environmental conditions present in the Gulf of Mexico which fostered the strengthening of Hurricane Katrina are the direct result of a condition sometime described as "Global Warming" which has been manifested by a marked increase in global air and water temperatures, melting of the polar ice caps, and significant increases in the frequency and intensity of storms known as hurricanes.

30.

"Global Warming" is caused by a depletion of protective ozone and a build-up of gases including, but not limited to, carbon monoxide all of which is a by-product of the oil refining and production activities of the Oil Company Defendant Class.

31.

The Oil Company Defendant Class has engaged in activities that have produced the greatest single source of by-products leading to the development and increase of global warming. Despite warning from scientists and other knowledgeable advocates about the adverse effects of their activities on the environment in general and global warming in particular, the members of the Oil Company Defendant Class have continued to engage in or increase the activities that have increased Global Warming. Further, the Oil Company Defendant Class has taken no action to counteract the adverse impact of their activities on the environment.

32.

As a direct and proximate result of the activities of the Oil Company Defendant Class and the environmentally harmful by-products produced thereby, there has been a marked increase in global warming which, in turn, produced the conditions whereby a storm of the strength and size of Hurricane Katrina would inevitably form and strike the Mississippi Gulf Coast consequently causing extensive death and destruction. As a result thereof, the Plaintiff Class has sustained the following non-exclusive damages:

   a)   Loss of property;

   b)   Loss of the use of their property;

   c)   Loss of their business and/or income;

   d)   Incurred clean-up expenses, past, present and future;

   e)   Disruption of the normal course of their lives;

   f)   Loss of loved ones;

   g)   Mental anguish and emotional distress; and

   h)   Such other elements of damage as may be shown at the trial of the merits herein.

33.

In addition to all other relief sought against the Oil Company Defendant Class herein, the Plaintiff Class seeks and is entitled to receive punitive damages from the Oil Company Defendant Class for their conduct which conduct amounts to gross negligence on the part of the Oil Company Defendant Class.

34.

The Plaintiff Class further seeks to have this matter certified and maintained as a class action both as to a class of plaintiffs who are residents of and/or property owners in the State of Mississippi who suffered loss and harm as a result of Hurricane Katrina and as to a class of defendants who contributed to the rise in Global Warming as a result of their oil exploration, development, refining and production activities.

WHEREFORE, THE PREMISES CONSIDERED, plaintiffs pray for relief and judgment against the Insurance Defendant Class as follows:

   a) for such damages as are reasonable in the premises for all losses sustained by plaintiffs, attorney fees and all costs of this proceeding;
   b) certification of this matter as a class action both as to a class of plaintiffs who are residents of and/or property owners in the State of Mississippi who purchased insurance coverage seeking to insure against any and all damages caused by hurricanes such as Hurricane Katrina and as to a class of defendants who issued insurance policies insuring property in the State of Mississippi against losses caused by hurricanes such as Hurricane Katrina which policies contained exclusion provisions attempting to exclude coverage for damages caused by water;
   c) declaratory relief declaring the exclusion provisions of the policies at issue to be void and unenforceable as against public policy, to be vague and ambiguous so as to be strictly construed against the defendants so

that coverage cannot be denied under those provisions, and declaring those exclusion provisions to be null, void and of no effect;

d) punitive damages for the egregious conduct of the defendants; and

e) such other and further legal and equitable relief as this Court deems just and proper.

WHEREFORE, THE PREMISES CONSIDERED, plaintiffs further pray for relief and judgment against the Oil Company Defendant Class as follows:

a) for such damages as are reasonable in the premises for all losses sustained by plaintiffs, attorney fees and all costs of this proceeding;

b) certification of this matter as a class action both as to a class of plaintiffs who are residents of and/or property owners in the State of Mississippi who suffered loss and harm as a result of Hurricane Katrina and as to a class of defendants who contributed to the rise in Global Warming as a result of their oil exploration, development, refining and production activities;

c) punitive damages for the gross negligence of the Oil Company Defendant Class; and

e) such other and further legal and equitable relief as this Court deems just and proper.

Respectfully submitted this 20 day of September, 2005.

_____
F. Gerald Maples (MSB No: 1860)
MAPLES & KIRWAN, LLC
902 Julia Street
New Orleans, LA 70113
(504) 975-4898
(504) 400-5426
(228) 263-9100