## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION


**NED COMER, ET AL.**                                                        **PLAINTIFFS**


**V.**                                    **CIVIL ACTION NO. 1:05CV436 LTS-RHW**


**NATIONWIDE MUTUAL INSURANCE CO., ET AL.**        **DEFENDANTS**


### <u>Memorandum Opinion</u>

The Court has before it plaintiffs' motion for leave to file a second amended complaint.  For the reasons set out below, I will deny the motion.

This is an action brought by fourteen plaintiffs who are owners of properties damaged in Hurricane Katrina.  Each of these individual plaintiffs is alleged to have had property insurance with one of the seven individual insurance companies specifically named as defendants or one of one hundred unidentified "Insurance Entities."

Plaintiffs have asked the Court to certify, under Rule 23 F.R.Civ.P., an "Insurance Defendant Class" composed of the seven identified insurance company defendants and the one hundred unidentified "Insurance Entities."

Plaintiffs have asked the Court to certify them as representatives of a class composed of all "similarly situated" property owners in Mississippi who were insured with any of the defendants to be included in the "Insurance Defendant Class."  In other words, these fourteen plaintiffs are seeking to represent all of the owners of insured property in Mississippi who suffered losses as a result of Hurricane Katrina against all of the insurance companies who have written policies that potentially cover these losses.

Plaintiffs have also asked the Court to certify a second defendant class composed of six identified and one hundred unidentified mortgage lenders.  The members of this "Mortgage Lending Defendant Class" allegedly breached legal duties to maintain proper insurance coverage for the mortgaged property damaged in Hurricane Katrina.  Plaintiffs have asked the Court to certify them as representatives of a class composed of all "similarly situated" property owners in Mississippi whose mortgage lenders breached the duties alleged to have been owed to the property owners with respect to maintaining insurance coverage on the mortgaged property.

Plaintiffs have also asked the Court to certify a third defendant class composed of three chemical companies and a trade association for the chemical industry as a "Chemical Manufacturer Defendant Class."  This class has been sued because they are alleged to have caused damage to the plaintiffs' properties by actions that have contributed to global warming.

Plaintiffs have also asked the Court to certify a fourth defendant class composed of five major oil companies, a trade association, and one hundred unidentified oil companies as an "Oil Company Defendant Class."  This class has been sued because they are alleged to have caused damage to the plaintiffs' properties through actions that have contributed to global warming.

Plaintiffs have asked the Court to certify them as representatives of a class composed of all "similarly situated" property owners in Mississippi who sustained property damage during Hurricane Katrina to the extent that the property damage sustained during Hurricane Katrina is attributable to the allegedly  wrongful actions of the "Oil Company Defendant Class" and the "Chemical Company Defendant Class."

I perceive at least four problems with the approach the plaintiffs are asking the Court to permit in this action:

1.  Each property owner in Mississippi who had real and personal property damaged in Hurricane Katrina is uniquely situated.  No two property owners will have experienced the same losses.  The nature and extent of the property damage the owners sustain from the common cause, Hurricane Katrina, will vary greatly in its particulars,

depending on the location and condition of the property before the storm struck and depending also on what combination of forces caused the damage.  Thus, at least with respect to the issue of damages, each individual claim will require particular evidence to establish the cause of and the extent of the loss.

2.      To the extent the property was insured, the particulars of coverage will vary from policy to policy and from one insurance company to the next.  In order to adjudicate the rights and liabilities between the policy holder and his insurance company, the particular terms of each policy must be considered.

3.      Likewise, the undertakings of the various mortgage holders and the undertakings of the owners of the mortgaged property will vary from one owner to the next, and from one mortgage holder to the next, depending on the particulars of the contracts that govern the legal relationships between the mortgage holders and the property owners. As I appreciate the allegations of the complaint with respect to the mortgage lenders, plaintiffs contend that the mortgage lenders owed and breached a duty to the plaintiffs to keep the mortgaged property "properly and sufficiently" insured.  This duty must arise, if at all, under the terms of the agreements that govern the legal relationships between the individual plaintiffs and their mortgage holders.  Thus, each of these agreements must be considered on its own terms.

4.      The plaintiffs' basic theory of recovery against the insurance companies and the mortgage lenders is quite distinct from the plaintiffs' basic theory of recovery against the chemical companies and the oil companies named as defendants.  The plaintiffs' claims against the insurance companies and the mortgage lenders are essentially contract claims under existing insurance policies or negligence claims related to the procurement of insurance policies. Neither the insurance companies nor the mortgage lenders are alleged to have caused or contributed to the cause of the property damage sustained during Hurricane Katrina.  The plaintiffs' claims against the chemical companies and the oil companies are essentially tort claims that arise independent of any contractual issues and independent of

any insurance issues.  The chemical companies and the oil companies are alleged to have caused or contributed to the cause of the property damage the plaintiffs sustained during Hurricane Katrina.  These legal theories and the underlying acts alleged to have been wrongful are so distinct as to negate, as a practical matter, any common issues of law and fact among the two groups of defendants (the insurers and mortgage lenders on the one hand and the oil companies and chemical companies on the other). Thus, in my opinion, the joinder of all the proposed defendant classes in a single action exceeds the limits of Rule 20, F.R.Civ.P.

Given the preponderance of individual questions of damage, coverage, policy provisions, mortgage obligations, and the other relevant particulars involved in the case of each individual property owner who sustained damage as a result of Hurricane Katrina, I simply do not believe that the extremely broad classes of parties the plaintiffs are proposing are practical in the context of this civil suit.  In my opinion, under the standards embodied in Rule 23, F.R.Civ.P., the questions of law and fact common to the members of the plaintiff class do not predominate over the questions affecting individual members of the plaintiff class. Nor do I believe that the questions of law and fact common to the insurers and mortgage holders predominate over the questions of law and fact affecting the individual insurers and the individual mortgage holders.  And I do not believe that a class action of this nature is a superior method of resolving the issues that will arise, with respect to the insurance defendants and with respect to the mortgage holder defendants, in this litigation.  Accordingly, I will require that the plaintiffs pursue individual actions limited to their own insurers and to their own mortgage lenders.  Of course, by taking this action I do not imply any opinion concerning the merits of these actions.

Although leave to amend a complaint is to be freely given when justice so requires, there is no purpose to be served in allowing an amendment which is futile.  In my opinion, the proposed second amended complaint, which seeks to further broaden this already expansive action would be an exercise in futility. This action, as it presently stands, is unmanageable; it is also inconsistent with the limitations of Rule 20, F.R.Civ.P.; and it cannot meet the requirements of Rule 23, F.R.Civ.P.  Allowing the amendment the plaintiffs propose would only serve to make the litigation even less manageable and even more inconsistent with Rules

20 and 23, F.R.Civ.P.

Accordingly, I will deny the plaintiffs' motion for leave to file the second amended complaint they have proposed.  Instead, in the exercise of my discretion under Rule 20 (b), F.R.Civ.P., I will require the plaintiffs to file separate actions against their insurers and mortgage lenders.  To this end, I will dismiss this action as to the insurers and mortgage lenders without prejudice.  Each of the plaintiffs (a husband and wife shall be considered to be a single plaintiff) shall be permitted to proceed against his insurer and his mortgage lender in an individual action.  Each plaintiff shall identify the insurers and mortgage lenders against whom they have individual claims and against whom they may wish to proceed, and each plaintiff shall file a separate complaint.  Each plaintiff will be permitted to sue only the insurance companies and the mortgage lenders with whom they have contractual relationships.  Any plaintiffs who have the same insurer and the same mortgage lender may file separate complaints or they may proceed in a single action against these common defendants, should they choose to do so.  Any plaintiffs who do not share a common insurer and mortgage lender must proceed in a separate action.  All new complaints that must be filed in order to comply with this ruling will be considered to have been filed on the date this action was originally filed for all purposes, and each civil cover sheet for any subsequently filed complaint shall identify this action as a related civil proceeding.

As a result of my ruling, the parties remaining as defendants in this action will be the oil company defendants and the chemical company defendants.  I will grant plaintiffs leave to file an amended complaint to clarify their claims against these defendants and to add any additional parties that the plaintiffs intend to bring in to this litigation.  The plaintiffs shall, for the sake of clarity in this record, designate their amended complaint in this action a "third amended complaint."

Without in any way expressing an opinion on the merits of the plaintiffs' claims against these defendants, I will observe that there exists a sharp difference of opinion in the scientific community concerning the causes of global warming, and I foresee daunting evidentiary problems for anyone who undertakes to prove, by a preponderance of the evidence, the degree to which global warming is caused by the emission of greenhouse gasses; the degree to which the actions of any individual oil company, any individual chemical company, or the collective action of these corporations contribute, through the emission of greenhouse gasses, to

global warming; and the extent to which the emission of greenhouse gasses by these defendants, through the phenomenon of global warming, intensified or otherwise affected the weather system that produced Hurricane Katrina.  This is a task that the plaintiffs are free to undertake if that is their intention, and I am confident that due consideration will be given to the requirements of Rule 11, F.R.Civ.P.  Under Rule 20, F.R.Civ.P., these claims cannot be litigated in a single action that also  includes the plaintiffs' contractual claims against their insurers and their mortgage lenders.

I cannot, at this juncture, determine whether the plaintiffs' action against the oil companies and chemical companies  named as defendants should proceed as a class action under Rule 23, F.R.Civ. P., and that issue will be determined in accordance with the requirements of that rule at the appropriate time.

An order will be entered in conformity with this opinion.

This 23rd day of February, 2006.


s/ *L. T. Senter, Jr.*


L. T. Senter, Jr.
Senior Judge